NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**LORIANA M. JUAN,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7138

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-932, Judge Ronald M. Holdaway.

---

Decided: January 18, 2011

---

LORIANA M. JUAN, Bataan C-2112, Philippines, pro se.

JOSEPH PIXLEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director. Of Counsel on the brief

was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel.

———————————

Before GAJARSA, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

Loriana M. Juan ("Ms. Juan") appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision by the Board of Veterans Appeals ("Board") that Ms. Juan had not presented new and material evidence to reopen her claim of entitlement to dependency and indemnity compensation ("DIC") benefits for her veteran husband's death. *See Juan v. Shinseki*, No. 09-932 (Vet. App. Apr. 28, 2010). Because we lack jurisdiction over her appeal, we *dismiss*.

BACKGROUND

Ms. Juan's husband, Bernardino L. Juan ("the veteran"), served as a member of a guerilla unit in the Army of the Philippines in October 1944. On November 12, 1944, the United States Army officially recognized the veteran's guerrilla unit, starting the unit's recognized service with the United States military. According to military records, the veteran died the same day of an unknown illness, and in October 1947, his parents filed a DIC claim. The Regional Office denied the claim, finding that the veteran contracted the unknown disease prior to the beginning of his recognized service (November 12, 1944) and that any increase in severity was due to the disease's natural progress. No appeal was filed.

In October 2002, Ms. Juan attempted to reopen the claim, asserting that she possessed new and material evidence that the veteran died in September 1944, rather

than on November 12, and that his cause of death was a gunshot wound. She submitted affidavits from some of the veteran's fellow service members in support of her claim. The Board denied her claim in January 2005. The Veterans Court remanded the case to ensure the Veterans Administration ("VA") had complied with its "duty to assist" under the Veterans Claims Assistance Act of 2000 ("VCAA"). On a second appeal, the Board again denied her claim in August 2008. On April 28, 2010, the Veterans Court affirmed. It held that although the affidavits constituted new evidence, they were immaterial because the veteran could not be entitled to service connection if he died in September 1944, before his unit was officially recognized by the United States Army in November 1944. Ms. Juan timely appealed to this court.

DISCUSSION

This court's jurisdiction to hear appeals from the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a) and (c), we may review decisions of the Veterans Court only with respect to a "challenge to the validity of any statute or regulation or any interpretation thereof . . . ." We cannot, absent a constitutional issue, review a Veterans Court decision as to (1) a factual determination or (2) a law or regulation as applied to the facts of a specific case. *See* 38 U.S.C. § 7292(d)(2).

Ms. Juan does not challenge the Veterans Court's interpretation of the new and material evidence standard or any other regulation or statute. Instead, Ms. Juan argues that the Veterans Court erred by: (1) failing to find that the veteran was already in service prior to November 1944; (2) failing to apply the "benefit of the doubt" doctrine to her case; and (3) failing to find that the VA did not provide assistance as required by the VCAA. First, we lack jurisdiction over Ms. Juan's contention that the

veteran was "already in service prior to his death." The Veterans Court's conclusion that the veteran's unit did not become officially recognized until November 12, 1944, is an unreviewable factual finding.

Second, the "benefit of the doubt" doctrine applies only when "there is an approximate balance of positive and negative evidence." 38 U.S.C. § 5107(b). It is inapplicable where, as here, "the Board determines that the preponderance of the evidence weighs against the veteran's claim or when the evidence is not in equipoise." *See Fagan v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009) (internal quotations omitted).

Third, the Board, on remand from the Veterans Court, found in August 2008 that the Veterans Administration had complied with its duty to assist Ms. Juan "in obtaining evidence pertinent to her claim." Resp't's App. 9. The Board also found that Ms. Juan was given full notice of the requirements for filing a claim. The Veterans Court did not explicitly address this issue. Appellant merely challenges the Board's factual finding that the VA complied with its notification and assistance duties under the VCAA. We lack jurisdiction over such a claim. Therefore, we *dismiss*.

**DISMISSED**

COSTS

No costs.